**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

HECTOR CONTRERA OROZCO, # 25722-077                                                PETITIONER

VERSUS                                             CIVIL ACTION NO. 5:12cv30-DCB-RHW

VANCE LAUGHLIN, Warden                                                        RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is [1] Petitioner's February 28, 2012 Application for a Writ of Habeas Corpus pursuant to 18 U.S.C. §2241. Orozco alleges violation of his constitutional due process rights in prison disciplinary proceedings based on the prison's refusal to provide video surveillance tapes of the area where the incident occurred, and violation of double jeopardy by the prison's conducting two hearings on the same charges. Respondent's answer [10] to the petition urges that (1) the disciplinary hearing did not implicate the Due Process Clause; (2) the disciplinary hearing complied with due process requirements; (3) the double jeopardy clause is not applicable to administrative hearings; and (4) there is sufficient evidence to support the disciplinary hearing officer's findings.

Procedural History and Facts

When he filed this action, Orozco was a federal prisoner incarcerated at the Adams County Correctional Center (ACCC) in Natchez, Mississippi, serving a 315-month prison term for a 1995 conviction in the United States District Court for the Northern District of Texas for conspiracy to possess with intent to distribute cocaine and marijuana. His projected release date is December 6, 2016 via good conduct time release. [10-1, p. 2]

The incident giving rise to the instant petition occurred April 22, 2011 when Orozco was one of two inmates working in the ACCC medical department. He claims his fellow inmate discovered a cell phone in a trash can and, concerned that they would be held responsible for taking or possessing the phone, they hid it above a ceiling tile in the medical department break room. [2, p. 2], [10-3, p. 2], [10-2, ¶¶ 4, 11] Medical personnel found the phone when it began to ring. Officer Lazarus reported the incident, and an Incident Report was prepared charging Orozco with violations of two disciplinary codes –108, Possession or Introduction of a Hazardous Tool and 219, Stealing. [10-3] On May 2, 2011, the incident report was delivered to Orozco.[1] [10-3, p. 2], [10-2, ¶ 5] The Unit Disciplinary Committee (UDC) reviewed the matter on May 4, 2011 and referred it to the Disciplinary Hearing Officer (DHO). [10-2, ¶ 6], [10-3, p. 2] The DHO conducted an administrative disciplinary hearing on May 20, 2011, following which the DHO dismissed the Code 219 Stealing charge, and reduced the Code 108, Possession of a Hazardous tool to a Code 305, Possession of an Unauthorized Item. Orozco was found guilty only of possession of an unauthorized item, and received a sanction of fifteen days disciplinary segregation and the loss of commissary privileges for four months. [10-2]

Orozco appealed the DHO's decision, and in response the Bureau of Prisons (BOP) informed the DHO that the Code 108 charge should not have been reduced, that the possession of the cell phone was accurately charged as possession of a hazardous tool in the incident report. [10-2, ¶ 7] The matter was remanded for rehearing, and resulted in the Incident Report being re-written on August 1, 2011 to charge Orozco with the same violations stated in the May 2, 2011 Incident Report. [10-5] Orozco received the revised report on August 2, 2011. [10-5], [10-2, ¶

---

[1] A report was prepared on April 22, 2011 charging Orozco with substantially the same discipline violations and delivered to Orozco the same day, but was not the report relied on in any disciplinary hearing. [2-1]

8] The DHO conducted another hearing on August 17, 2011, finding Orozco guilty of the Code 108 violation - Possession of a Hazardous tool - as originally charged, but again dismissing the Code 219 charge of stealing. [10-4] The DHO report states that possession of a cell phone usually results in more serious consequences but as Orozco had already received punishment for the same incident, he could not be sanctioned more harshly even though the charge was upgraded. On August 22, 2011, Orozco was provided a copy of the DHO report, which identifies the evidence relied upon by the DHO and the reasons for the sanctions imposed. [10-2, ¶ 13], [10-4]

Law and Analysis

Orozco maintains he is innocent of the charge made in the incident report and that he is being framed for the violation – that some corrupt prison employee put the cell phone in the trash can where Orozco's fellow inmate found it, and that the two of them hid it in the ceiling to keep from being charged with stealing or possessing it. This Court's function is not to redetermine Orozco's guilt or innocence, but to ensure that the disciplinary proceedings did not violate his right to due process.

The Due Process Cause "does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997)(citing *Meachum v. Fano*, 427 U.S. 215, 2246(1976)). A prisoner's liberty interest protected by the Due Process Clause, is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995)(citations omitted). Prisoners have been held not entitled to due process involving

sanctions such as disciplinary segregation or administrative segregation and loss of commissary privileges. *Madison*, 104 F.3d at 767; *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(citing *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). Disallowance of good conduct time which will result in extension of an inmate's confinement does require that the inmate be afforded due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There were no due process implications in the disciplinary proceedings against Orozco, as the only sanctions he received were disciplinary segregation and loss of commissary privileges; he lost no good conduct time as a result of the incident. Even if that were not the case, due process was afforded in Orozco's case.

Under *Wolff* and the regulations governing prison disciplinary hearings, due process is satisfied when the inmate receives a finding from an impartial decision maker, and is given (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) assistance at the hearing if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action. *Id*., 418 U.S. at 563-70; 28 C.F.R. § 541.1 *et seq*. The record before this Court indicates the required safeguards were met in Orozco's case: he received more than 24 hours notice of the charges against him in both of his hearings for the April 22 incident. [10-3, 10-5] He waived his right to have a staff representative assist in his hearing, and waived his right to call witnesses. [10-6, p. 2], [10-4, p. 2] While his request that the video surveillance tapes be reviewed was denied, the dismissal of the stealing charge in both hearings renders any issue on that point moot. Since Orozco admitted moving the phone from where it was found and concealing it in the ceiling, he did have possession of the phone. His reasons for taking possession of the phone and hiding it do not change the nature of the charge, as he was not (and has not alleged that he was) authorized to have the cell phone. Moreover, there is no documentary evidence that Orozco timely requested

review of the video surveillance be reviewed.  His first documented request for the video was on June 5, 2011 after his first hearing.  [2-4]  In fact, the DHO findings for the May 22 hearing indicate that Orozco declined to call any witnesses or present any documentary evidence on his own behalf.  [2-4]  While Orozco did make a request for the video on August 5, 2011, the request was denied [2-10], and there is no mention of video surveillance in the August 22 hearing report.  [2-11]  DHO Brett Bradford's declaration states that he does not remember Orozco requesting video footage, but if such a request had been made "it would be documented in the DHO Report."  [10-2].  In any event, Orozco admitted possessing the cell phone when he moved it, and that is the only charge of which he was found guilty.  He does not aver that the video would show otherwise.  He has not demonstrated how the lack of the video prejudiced him, or would have changed the result of the proceeding.  He also received a statement of the evidence used against him and the reason for the disciplinary action.  [2-3, 10-4]

      Orozco contends the Double Jeopardy Clause of the Fifth Amendment was violated when he was subjected to a second disciplinary hearing on the same incident.  However, the Double Jeopardy Clause does not apply to prison administrative hearings.  As *Wolff* states, "Prison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  418 U.S. at 556.  *See Smith v. Jackson*, 2000 WL 1598124 (5th Cir. Oct. 6, 2000)(citing *Wolff* in holding the double jeopardy clause does not apply to prison disciplinary proceedings).  *See also United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996) (holding prosecution for conspiracy to escape not precluded by double jeopardy concerns because defendant was punished in prison by being held in segregation after the offense, transferred to a higher security level facility and lost good-time credit).  Orozco's second hearing, following his appeal, resulted in no greater sanctions than those originally imposed.

Finally, the government maintains there is sufficient evidence to support the DHO's decision. In *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445 (1985), the Supreme Court set out the constitutional evidentiary standard to be used in judicial review of prison disciplinary actions, holding that due process is satisfied if there is "some evidence" to show that the inmate committed the offense. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*, 472 U.S. at 455-56; *see also*, *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)(" No *de novo* review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts' 'whether any evidence at all' supports the action taken by prison officials.") The undersigned is of the opinion that the record shows Orozco has suffered no deprivation of any constitutionally protected liberty interest,[2] that his Due Process rights were protected in the disciplinary proceedings, and that the DHO's decision is supported by evidence including Orozco's own admission that he possessed the cell phone.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Orozco's petition for federal habeas relief be denied and his petition, dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen (14)

---

[2] In his reply [11], Orozco contends the sanctions imposed affected protected liberty interest in his prison job. However, "An inmate's expectation of keeping a particular prison job does not amount to a 'property' or 'liberty' interest protected under the due process clause." *Grayson v. Federal Prison Industries Factory*, 69 F.3d 536 (5th Cir. 1995).

days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 11th day of October, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE